IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 2:25-cr-20162-BCL |
| | ) | |
| CHRISTOPHER WHEATLEY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Defendant filed an Amended Motion to Suppress (Doc. 48) and a Second Motion to Suppress (Doc. 57). The judge then presiding over the case referred both motions to the magistrate judge for a report and recommendation.[1] Docs. 49 & 58. The case was then transferred to the undersigned on March 25, 2026.

The Magistrate Judge filed her Report and Recommendation on June 12, 2026. Doc. 74. Defendant timely objected to the Report, Doc. 75. The Government "ha[d] no objections to the R & R," but timely opposed Defendant's objections. Doc. 78. For the following reasons, Defendant's objections are **OVERRULED** and the Court **ADOPTS** the Report and Recommendation.

## LEGAL STANDARD

A United States District Court Judge may designate a United States Magistrate Judge to conduct evidentiary hearings and submit proposed findings of fact and conclusions of law for disposition by the District Judge of certain motions, including motions to suppress evidence in

---

[1] Judge Mark Norris and Magistrate Judge Annie Christoff, respectively.

1

criminal cases. 28 U.S.C. § 636(b)(1). The District Judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* Failure to file specific written objections to a magistrate judge's findings or conclusions results in waiver of those objections. Fed. R. Crim. P. 59. "[A] general objection to a magistrate [judge]'s report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). In the same vein, the district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

## FINDINGS OF FACT

Neither party objected to the Report's proposed findings of fact. The Court therefore **ADOPTS** and incorporates those findings of fact.

## ANALYSIS

The Report recommended the following conclusions of law:

(1) No Fourth Amendment violation occurred in the detention of Defendant leading up to his arrest;

(2) The show-up testimony of the cashier should not be excluded under Rule 403;

(3) Defendant's statements provided in response to questioning once he was handcuffed and placed in the police car should be suppressed;

(4) There was probable cause for Defendant's arrest;

(5) No further suppression should be granted under the "fruit of the poisonous tree" doctrine.

Doc. 74 at 25, 28, 33–35. Defendant provided four objections to the Report. For the reasons that follow, each objection is **OVERRULED**.

2

### I.      Defendant's detention and transport did not violate the Fourth Amendment.

The Report recommended that "no Fourth Amendment violation occurred in the detention of [Defendant] leading up to his arrest, as the basis and scope of his detention complied with *Terry*." Doc. 74 at 25. The Magistrate Judge reached this conclusion for several reasons: (1) Defendant was not transported to a police station, (2) Defendant was only briefly transported for a valid investigative purpose, (3) the decision to transport Defendant to the witness was reasonable, and (4) the totality of the circumstances supporting reasonable suspicion justified the transportation without changing the *Terry* stop into a full arrest. *Id.* at 23. Defendant objected to the recommendation, arguing that the "series of escalating restraints [] taken together[] bore all the characteristics of a formal arrest," Doc. 75 at 5, and the police did not have probable cause for a formal arrest when he was initially detained, *id.* at 8–9.

Defendant's objection is **OVERRULED**.[2] Under the Fourth Amendment, temporary investigative detentions, or *Terry* stops, are permissible if the detaining officer had "a reasonable suspicion supported by articulable facts that criminal activity may be afoot." *United States v. McCallister*, 39 F.4th 368, 373 (6th Cir. 2022) (quoting *United States v. Sokolow*, 490 U.S. 1, 7 (1989)). Reasonable suspicion means considering the totality of the circumstances, objective facts create "a moderate chance of finding evidence of wrongdoing"; it requires more than "a mere hunch or intuition" or "a gut feeling," but is a lower standard than probable cause, which itself falls below a preponderance of the evidence. *Id.* at 373–74 (citations omitted). Reasonable suspicion is based on the totality of the circumstances and must include a particularized basis for stopping a given individual. *Id.* at 374 (citations omitted).

---

[2] The Court agrees with Defendant that the Report erred to the extent it sustained the detention based on after-acquired evidence. Accordingly, while the undersigned is not sure that the Report did so rely on after-acquired evidence, this Order **SUSTAINS** Defendant's objection to that extent. Doc. 75 at 7–9. But that makes no difference to the bottom line here, which is independently and fully supported by this Order's above-the-line analysis.

The Report correctly noted that the Sixth Circuit has instructed that "[t]he fact that a suspect may be transported in one *Terry* stop . . . does not mean that police officers can forcibly move suspects in all *Terry* stops." *Sutton v. Metro. Gov't of Nash. & Davidson Cnty.*, 700 F.3d 865, 876 (6th Cir. 2012). One variable that matters is the strength of the indicia giving rise to suspicion: "A broader factual base of suspicion permits a broader scope of detention." *Id.* Also relevant is the length of restraint and any transport and the distance of the transport. *See United States v. Foster*, 891 F.3d 93, 107 (3d Cir. 2018) (holding it was not unreasonable to transport a defendant "the very short distance" back to the scene of the crime); *United States v. McCargo*, 464 F.3d 192, 198 (2d Cir. 2006) ("[I]n some circumstances, police may transport a suspect short distances in aid of a *Terry* stop."). "[T]here is no bright line that distinguishes an investigative stop from a *de facto* arrest," although "the length and manner of an investigative stop should be reasonably related to the basis for the initial intrusion." *Houston v. Clark Cnty. Sheriff Deputy John Does 1-5*, 174 F.3d 809, 814 (6th Cir. 1999) (citations omitted). In other words, assuming reasonable suspicion was satisfied, whether Defendant's stop ripened into an arrest turned on the reasonableness of the detention and any transport relative to the basis for the stop as discerned from the totality of the circumstances.

Start first with articulable, reasonable suspicion. While Defendant "respectfully maintains that the officers lacked reasonable suspicion to detain him in the first instance," Doc. 75 at 3, he does not further develop this argument and so has forfeited it. *See Miller*, 50 F.3d at 380; *Thomas*, 474 U.S. at 150. And, in any event, reasonable suspicion justified the stop: The officer had encountered Defendant while canvassing a nearby area immediately after the crime, and Defendant matched a visual description of the perpetrator—a male of about the same height, in a white t-shirt with a firearm. Thus, the officer had a particularized basis to stop Defendant based on articulable,

4

objective facts. For either of those two independently sufficient reasons, the Court finds the detaining officer had reasonable suspicion to stop Defendant. Doc. 74 at 12.

Defendant objects that, even if the stop was initially justified, "increasingly intrusive arrest-level restraints"—handcuffing, disarmament, transport in the rear of a police car, being subjected to a one-person show-up, and return to the rear of the police car for continued detention—turned the stop into an arrest unsupported by probable cause. Doc. 3–4. Defendant's objection focuses almost exclusively on categorization of various components of the stop, without considering (or giving sufficient weight to) the totality of the circumstances and the relationship of the stop (considered according to the totality of the circumstances) to the basis for the officers' suspicion. *See Houston*, 174 F.3d at 814. Consider the circumstances: Defendant was driven for only a couple of minutes, over a short distance, to the scene of the dangerous crime, where he participated in a show-up, with the detention lasting about a half hour total. The length and manner of the detention were reasonable here, particularly when considered in relation to the officers' strong basis for the initial intrusion—namely, that Defendant was located walking near the scene of a dangerous crime within eight minutes of the offense, was carrying a gun, matched the victim's description of the perpetrator (unlike anyone else in the vicinity), and was sweaty.[3]

In these circumstances, the Court finds that the Report correctly concluded that the broad factual basis of suspicion justified a relatively expansive detention, and the chosen measures were reasonable such that the encounter did not ripen into a full arrest. Doc. 74 at 24. Accordingly, Defendant's Motions to Suppress on this ground are **DENIED**.

---

[3] *United States v. Richardson*, 949 F.2d 851 (6th Cir. 1991), on which Defendant primarily relies, is not to the contrary. At the time of the detention in that case, the police had no strong basis of individualized suspicion on which to detain the defendant; indeed, the opinion expressly notes that the police had not observed any criminal activity at the time. *Id.* at 858; *see also United States v. Jacob*, 377 F.3d 573, 580 (6th Cir. 2004) ("The investigatory detention ripened into an arrest in *Richardson*, not merely because the defendant was placed in a police car, but rather because placing him in the police car was unreasonable under the circumstances."). That is a far cry from this case, where the victim had summoned the police to the scene by reporting an ongoing robbery.

5

## II.    The Show-Up Testimony is not unfairly prejudicial under Rule 403.

The Report recommended against exclusion of the cashier's testimony under Federal Rule of Evidence 403 because Defendant cannot show that the probative value of the testimony will be substantially outweighed by the danger of unfair prejudice. Doc. 74 at 28. Defendant objects that "jurors will naturally infer that police had already determined Defendant Wheatley was the perpetrator and that the cashier substantially confirmed their conclusion through her comparison testimony," which "carries significant persuasive force despite the absence of any actual identification," and "the jury is unlikely to account for the influence that the suggestive nature of the police conduct had on the witness's comparison statements." Doc. 75 at 11–12.

Defendant's objection is **OVERRULED**. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Defendant's arguments do not reveal that it would *unfairly* prejudicial for the Government to present evidence that, upon being presented with Defendant by the officers, the cashier stated that Defendant matched the size, height, and clothing of the perpetrator but that she could not go further and identify Defendant as the perpetrator. Indeed, Plaintiff's claims of unfair prejudice and suggestiveness are wholly undercut by the fact that the victim stated that she could not identify Defendant, and Defendant offers only speculation that the jury will wholly ignore the victim's inability to identify Defendant. Defendant's Motions to Suppress on this ground are **DENIED**.

## III.    The Court need not address Defendant's objections concerning exclusion under *Wong Sun* or the use of statements violating *Miranda*.

Defendant's third objection was conditioned on the Court sustaining his objections to the Fourth Amendment analysis. Doc. 75 at 14 ("Accordingly, *if this Court sustains Defendant*

6

*Wheatley's objections to the Fourth Amendment analysis*, Defendant Wheatley respectfully submits that the Report's recommendation regarding derivative evidence should likewise be rejected and reconsidered under the proper Fourth Amendment framework." (emphasis added)). Having rejected Defendant's Fourth Amendment argument that is the foundation for Defendant's third objection, the Court **DENIES** the third objection. Similarly, Defendant's fourth objection is conditioned on the Court finding "that part of the justification for the officers' continued detention and seizure were the Defendant's statements." Doc. 75 at 15. The Court **DENIES** the objection because neither the Report nor this Order includes Defendant's statements as justification for his detention. Doc. 74 at 24.

## CONCLUSION

For the foregoing reasons, Defendant's objections are **OVERRULED** and the Court **ADOPTS** the Report and Recommendation (Doc. 74). Defendant's Amended Motion to Suppress (Doc. 48) and Second Motion to Suppress (Doc. 57) are **GRANTED** in part and **DENIED** in part. Specifically, the only evidence that will be suppressed are Defendant's responses to the officers' questions "once he was handcuffed and placed in the back of the police car." Doc. 74 at 33.

**IT IS SO ORDERED**, this 11th day of August, 2026.

s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE